UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIONEL R. BEARD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:10-CV-411
(Criminal Case No. 1:05-CR-20)

HON. GORDON J. QUIST

## **OPINION**

Petitioner, Lionel R. Beard, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. The Government has filed a response in opposition to Beard's petition, and Beard has filed a reply. In addition, Beard has filed a motion to supplement his § 2255 petition with additional evidence, which the Court will grant; a motion for an evidentiary hearing, which the Court will deny; and a motion for entry of judgment, which the Court will deny. For the reasons set forth below, the § 2255 petition will be denied.

### **I. Procedural History**

Following a jury trial, Beard was convicted of various counts relating to his involvement in a criminal conspiracy to distribute heroin and powder cocaine in Lansing, Michigan. On October 19, 2006, this Court sentenced Beard to 120 months on Counts Fifteen, Thirty-Nine and Forty, for being a felon in possession of a firearm; 420 months on Count Fifty-One, for engaging in a continuing criminal enterprise; and 240 months on Count Fifty-Four, for tampering with a witness, all to be served concurrently and followed by five years of supervised release. Judgment was entered October 20, 2006.

Beard appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, which affirmed both on November 13, 2008. The United States Supreme Court denied

certiorari on April 29, 2009. Beard timely filed this petition on April 27, 2010.[1] With this petition, Beard raises several claims of ineffective assistance of trial counsel in addition to claiming that he was denied his Sixth Amendment right to an impartial jury drawn from a fair cross-section of the community.

## II. Discussion

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Sixth Circuit has held, however, that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982)). A petitioner will be procedurally barred from raising an issue in a § 2255 petition that should have been raised on direct appeal unless the petitioner can show both cause and prejudice. *Elzy v. United States*, 205 F.3d 882, 885-86 (6th Cir. 2000). Attorney error may constitute cause if the error amounts to ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). In addition, ineffective assistance of counsel claims are generally not reviewable on direct appeal, but instead must be raised in a motion under § 2255. *United States v. Quinlan*, 473 F.3d 273, 280 (6th Cir. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003)).

Beard begins by arguing that he was denied his Sixth Amendment right to an impartial jury drawn from a fair cross-section of the community. Yet, he did not raise this issue on direct appeal.

---

[1] One month prior to filing the petition, Beard also filed a post-conviction appeal, which is currently pending in the United States Court of Appeals for the Sixth Circuit. *United States v. Beard*, No. 10-1425 (6th Cir. filed Mar. 12, 2010). The appeal challenges the March 1, 2010, Order of this Court denying Beard's Motion to Compel the Release of Racial Composition of the Jury.

It is, therefore, procedurally defaulted unless he can establish both cause and prejudice. *Elzy*, 205 F.3d at 885. Ineffective assistance of counsel can serve as cause, but Beard does not assert that his appellate counsel was ineffective, only that trial counsel was ineffective in failing to object to the jury venire. In any event, as set forth below, Beard has not show that trial counsel was ineffective in failing to so object and, therefore, he also has not established cause for the procedural default. *See Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) ("Attorney error does not constitute 'cause' unless it rises to the level of a constitutional violation of the right to counsel under *Strickland*.") (citing *Murray*, 477 U.S. at 488, 106 S. Ct. at 2645).

The United States Court of Appeals for the Sixth Circuit has summarized the test for ineffective assistance of counsel as follows:

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*
>
> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052.
>
> To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. 2052. To determine if Kinnard was prejudiced by his attorney's performance, it is necessary to determine if the proceeding was fundamentally unfair or unreliable; a court should not focus the analysis on the outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L.Ed.2d 180 (1993).

*Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002).

For his first claim of ineffective assistance, Beard asserts that his trial counsel, James E. Bliss, was ineffective in failing to object to the jury venire on the grounds that it did not represent a fair cross-section of the community. Not only has Beard failed to present any factual support for this claim, he also cannot show prejudice based upon the alleged failure of his counsel because any such challenge would have failed. This Court has previously rejected claims that this District's approved jury plan is unconstitutional. Moreover, the Sixth Circuit has rejected similar challenges to the constitutionality of this District's system of selecting jurors. *See United States v. Booker*, No. 05-1929, 2007 WL 2492427, at *2-3 (6th Cir. Sept. 4, 2007); *United States v. Johnson*, 40 F. App'x 93, 96 (6th Cir. 2002); *United States v. Buchanan*, 213 F.3d 302, 309-10 (6th Cir. 2000) (affirming the district court's denial of the defendants' challenge to the racial makeup of the jury venire); *United States v. White*, Nos. 95-2059, 95-2158, 95-2159, 95-2160, 1997 WL 345730, at *2 (6th Cir. June 20, 1997). Beard's reliance on *Smith v. Berghuis*, 543 F.3d 326 (6th Cir. 2008), is misplaced both in that that decision was reversed by a unanimous Supreme Court, *Berghuis v. Smith*, 130 S. Ct. 1382, 1389 (2010), and because it dealt with the State of Michigan's jury selection process, not that of the United States District Court for the Western District of Michigan.

Beard next asserts that trial counsel, was per se ineffective because he was suspended from the practice of law by the Michigan Attorney Discipline Board for 90 days, between July 28, 2006 and October 27, 2006. (Pet'r's Mot. For Evid. Hr'g, Ex. A.) The Court rejects this argument for two reasons. First, Beard cites no Sixth Circuit authority supporting that a suspended attorney is *per se* ineffective. *Solina v. United States*, 709 F.2d 160, 167 (2d Cir. 1983), on which Beard relies and in which the Second Circuit appears to have adopted a somewhat watered-down version of such a rule for unlicensed attorneys, has never been adopted in the Sixth Circuit. *See United States v. Parks*, Nos. 04-3064-B/An., 02-20384-B, 2006 WL 3740841, at *4 n.9 (W.D. Tenn. Dec. 15, 2006)

(explaining that the rule from *Solina* has not been adopted in the Sixth Circuit); *Blanton v. United States*, 896 F.Supp. 1451, 1463 (M.D. Tenn. 1995) (refusing to apply the *per se* rule Beard advocates for here and holding, instead "that the Sixth Amendment does not require a licensed attorney, but rather a competent advocate sufficiently learned in the law who is able to, and does, adequately represent the defendant at trial"). And second, even if there were such a rule, Beard cannot demonstrate prejudice because, by the time Mr. Bliss was suspended, he was no longer representing Beard. Citing difficulty in communicating and a break-down in their relationship, Mr. Bliss filed a motion on May 22, 2006, asking the Court to adjourn sentencing to a later date and to appoint new counsel. Both motions were granted. As of June 7, 2006, well before he was ever suspended, Mr. Bliss no longer represented Beard. Sentencing was adjourned until October 19, 2006, in order to give Beard's new counsel, Michael Dunn, sufficient time to prepare.

Next, Beard asserts that trial counsel was ineffective in failing to introduce into evidence the lease agreement for 2920 Westmont Avenue, one of the residences from which guns and drugs were seized pursuant to search and seizure warrants, and in failing to call Clifton Brown, the lessee, who could have authenticated the lease agreement. This assertion is based on Beard's apparent belief that because his name was not on the lease, he cannot be held accountable for any items found there, even his own property. Beard cites no authority for this proposition, however. And an attorney is not ineffective for failing to raise meritless issues. *See Norris v. Schotten*, 146 F.3d 314, 336 (6th Cir. 1998). Moreover, even if trial counsel had performed deficiently in failing to get the lease agreement into evidence or in failing to call Clifton Brown to testify that Beard was not the named lessee, Beard cannot show prejudice because the jury was never told that he was the named lessee, several witnesses testified that he lived there, and there were numerous items in the apartment that belonged to him (e.g., a prescription bottle, documents, and casino cards).

Next, Beard asserts that trial counsel was ineffective in relation to the charge of tampering with an informant. At trial, government witness and informant, Willie Frazier, testified that on September 27, 2005, Beard called him a snitch and physically assaulted him causing damage to his eye, including a detached retina, which later required reconstructive surgery. Beard denies that he attacked Frazier and asserts that counsel was ineffective in failing to introduce into evidence the incident report taken that day, which indicates that Frazier said that he fell, not that he was attacked. Beard also asserts that counsel was ineffective in failing to obtain and introduce Frazier's medical records from prior to the incident, which would have indicated that his eye was already damaged. As a result of counsel's failure, Beard asserts, he was found guilty of tampering with an informant and had his sentence enhanced pursuant to U.S.S.G. § 3C1.1. However, Mr. Bliss thoroughly cross-examined Frazier, including as to his previous eye problems, which did not include a detached retina, and Frazier admitted on both direct and cross that he lied to the officer who completed the incident report because there were several other prisoners in the room at the time and he did not want to be exiled for having squealed on Beard. (Tr. Vol. III at 32-35.) Under these circumstances, Beard has not overcome the presumption that counsel's decision not to introduce the incident report or previous medical records was anything other than a matter of sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Next, Beard asserts that trial counsel was ineffective in failing to challenge the legality of the searches of 818 Buffalo Street and 2920 Westmont Avenue, in Lansing, MI. Both searches were conducted pursuant to search and seizure warrants. Beard does not challenge the warrants based upon probable cause or lack of particularity. Rather, as to 818 Buffalo Street, he asserts the warrant was either unsigned or signed by the wrong judge, and as to 2920 Westmont Avenue, he asserts that the warrant was invalid, again, because he was not the named lessee of that residence.

Beard requested copies of both search warrants from the 54-A District Court in Lansing, Michigan. The court was unable to locate any record for the search at 2920 Westmont, and only an unsigned copy for 818 Buffalo, but which was later supplemented with a copy signed by a Judge Jordan and apparently dated both 2002 and 2010. Assuming the signed copy was the original, which is unclear to say the least, there was no error simply because Judge Jordan is a 54-B district court judge as opposed to a 54-A judge, as Beard asserts. *See People v. Fiorillo*, 195 Mich. App. 701, 703-04, 491 N.W.2d 281, 282 (1992) (explaining that Michigan has but one district court and, therefore, there is nothing to prevent a district court from issuing a search warrant to be executed outside the county of issuance). Assuming the unsigned copy was the original, which is also unclear, the lack of a valid signature is merely a technical defect that would not alone invalidate the search. *United States v. Askew*, No. 04-39, 2010 WL 1409657, at *10 (W.D. Pa. Apr. 01, 2010); *see also Hunter v. Smith*, No. 94-71088, 1996 WL 426541, at *3 (E.D. Mich. Feb. 2, 1996) (explaining that the good faith exception would apply to a judge's failure to sign a warrant because it was the judge who made the mistake, not the police, and the exclusionary rule is meant to deter unlawful searches by police, not to punish the errors of judges); *United States v. Kelley*, 140 F.3d 596, 603-04 (5th Cir. 1998) (same). As to the search of 2920 Westmont, without citing any authority, Beard asserts that the warrant was invalid because he was not the named lessee for that apartment. Again, trial counsel is not ineffective for failing to raise meritless arguments. *See Norris v. Schotten*, 146 F.3d at 336.

Next, Beard asserts that trial counsel was ineffective in failing to file a motion to suppress the evidence seized from the Buffalo Street search because (1) he believes there is a 180-day statute of limitations binding on the state of Michigan in which to bring charges based on that search and when that period expired, the evidence obtained in the search became unlawfully held, and, therefore, the State of Michigan should not have released it to federal authorities; and (2) some of the evidence

7

seized was located inside a locked safe, which the warrant did not specifically authorize to be opened. The exclusionary rule emanates from the Fourth Amendment, not state law. Thus, even if there were such a 180-day limitations period binding on the State of Michigan, it would not apply in federal court. *See United States v. Wright*, 16 F.3d 1429, 1434 (6th Cir. 1994) (explaining that state rules that provide greater protection than the Fourth Amendment need not be applied in federal court to exclude evidence). Moreover, the only 180-day rule of which the Court is aware is that found in M.C.L. § 780.131, which provides that an inmate of a state correctional facility has a right to be brought to trial within 180-days of when the prosecution receives notice of the place of imprisonment and a request for final disposition of the pending warrant, indictment, information, or complaint. It has nothing to do with evidence seized during execution of a valid search and seizure warrant nor does it place any limit on the state in which to use that evidence. As to Beard's argument relating to the safe, the warrant authorized a search for money, weapons, and drugs, among other things. Because such items could easily fit into the safe, the officers were free to open it regardless of whether the safe was specifically mentioned in the warrant. *United States v. Ross*, 456 U.S. 798, 820-21, 102 S. Ct. 2157, 2170-71 (1982) ("A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search."); *United States v. Rice*, No. 2:05CV00163, 2006 WL 897201, at *6 (E.D. Ky. Apr. 4, 2006) (upholding the opening of an unlocked safe even though the safe was not mentioned in the warrant); *United States v. Robinson*, 139 F. App'x 654, 657 (6th Cir. 2005) (same). Again, counsel is not ineffective for failing to raise meritless arguments.

Next, Beard appears to argue that because the State of Michigan never charged him with being a felon in possession of a firearm, this Court lacked subject matter jurisdiction in relation to Counts Fifteen, Thirty-Nine, and Forty. As such, Beard asserts, trial counsel was ineffective in

failing to move to dismiss the indictment for lack of subject matter jurisdiction. Yet, Counts Fifteen, Thirty-Nine, and Forty charged Beard with violations of a federal statute – 18 U.S.C. § 922(g)(1) – and "district judges *always* have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." *United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001). This argument lacks merit, and trial counsel was not ineffective for failing to raise it.

Next, Beard argues that counsel was ineffective in failing to object under Fed. R. Evid. 403 to the admission of evidence obtained from the 818 Buffalo Street and 2920 Westmont Avenue searches. Beard contends that because the searches were invalid, the admission of evidence obtained during those searches unfairly prejudiced him. To the extent this repeats the same argument that counsel was ineffective in failing to challenge the validity of the searches, it fails for the reasons set forth above. To the extent this argument is that counsel was ineffective for failing to object under Fed. R. Evid. 403, it fails because the evidence seized was highly probative of the charges against him and that probative value was in no way outweighed by the danger of unfair prejudice. Because a 403 objection would have been overruled, Beard cannot show prejudice in counsel's failure to object on those grounds.

Beard's last claim of ineffective assistance argues that counsel was ineffective based upon the cumulative effect of all of counsel's "errors." Beard has not established a single error, however, and counsel is not ineffective based upon the cumulative effect of non-errors. *Campbell v. United States*, 364 F.3d 727, 736 (6th Cir. 2004).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Beard has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each

claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Beard's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Beard's claims was debatable or wrong. Therefore, the Court will deny Beard a certificate of appealability.

## **Conclusion**

For the reasons set forth above, Beard's § 2255 petition (docket no. 1) will be denied and dismissed with prejudice. In addition, the Court will deny Beard's request for an evidentiary hearing (docket no. 2) because it finds the record sufficient to decide the petition. The Court will also deny Beard's motion to enter judgment in his favor (docket no. 6), which he filed under the mistaken belief that the government had not filed a timely response. The Court will grant Beard's request to file additional evidence (docket no. 12), which the Court construes as a motion to supplement his § 2255 petition. Finally, a certificate of appealability will be denied as to each issue Beard has raised because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate Order will issue.


Dated: February 28, 2011               /s/ Gordon J. Quist
                                    GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE